IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| **ANDRAYA NAUMENKO,** Individually and as Administratrix of the Estate of DANIEL JORDAN, deceased,<br><br>　　　Plaintiff,<br>v.<br><br>**SMITH TRANSPORT, INC.**<br>153 Smith Transport Road<br>Roaring Spring, PA 16673<br><br>　　SERVE:　James Dean Liebman<br>　　　　　　　403 West Main Street<br>　　　　　　　Frankfort, KY  40601<br><br>And<br><br>**JOSEPH TONEY**<br>4156 S. NC 210 Highway<br>Fayetteville, NC 28312<br><br>　　　Defendants. | Case No.:<br><br>Judge<br><br>**COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON** |

Andraya Naumenko, individually and as Administratrix of the Estate of Daniel Jordan, deceased, files the following complaint.

## OVERVIEW

On July 19, 2020, a Smith Transport, Inc. tractor trailer failed to yield when turning left into traffic. As a result, Daniel Jordan was killed.

## PARTIES

1. Andraya Naumenko is a domiciliary and citizen of the State of Kentucky, residing in Kenton County.

1

2. Defendant Smith Transport, Inc. ("Smith Transport") is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce. It is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 246204 and is a business entity organized and existing under the laws of the State of Pennsylvania with its principal place of business in Roaring Spring, Pennsylvania. Smith Transport has designated James Dean Liebman of Liebman and Liebman, located at 403 West Main, Frankfort, Kentucky 40601, as its agent for the purposes of service of process of this complaint under 49 C.F.R. §366.

3. Defendant Joseph Toney resides at 4156 NC Highway 210 S, Fayetteville, North Carolina 28312.

## JURISDICTION AND VENUE

4. Plaintiff's claims are brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship.

5. Since Plaintiff is a citizen of Kentucky, no Defendant is a citizen of Kentucky, and the amount in controversy, exclusive of costs and interest, exceeds $75,000, diversity jurisdiction exists in this Honorable Court.

6. Once served, the Defendants are subject to the personal jurisdiction of this Court because, *inter alia,* Defendant Joseph Toney caused tortious injury in Kentucky, and Defendant Smith Transport committed a tort in Kentucky and regularly transports goods on Kentucky's highways.

7. Venue is appropriate in this Court as this action arises from a motor vehicle collision occurring in Wilder, Campbell County, Kentucky, which is located in this judicial district.

## FIRST CAUSE OF ACTION
*Wrongful Death – Negligence of Joseph Toney*

8. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

9. Plaintiff brings this Cause of Action under Kentucky's Wrongful Death Statute, found at Ky. Rev. Stat. § 411.130 et seq.

10. On July 19, 2020, Defendant Joseph Toney was driving a tractor and semi-trailer for Defendant Smith Transport, and began making a left-hand turn from Kentucky 9, AA Highway, onto the I-275 eastbound entrance ramp.

11. Plaintiff Daniel Jordan was driving a motorcycle when the tractor trailer driver turned left in front of him.

12. Plaintiff Daniel Jordan could not avoid the collision and struck the trailer, resulting in his death.

13. Defendant Joseph Toney had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to identify other vehicles on the road, including Daniel Jordan, and to recognize and yield to traffic.

14. On July 19, 2020, Defendant Joseph Toney failed in the above-mentioned duties and is therefore negligent.

15. Defendant Joseph Toney's negligence was the direct and proximate cause of Daniel Jordan's injuries and death.

16. As a direct and proximate result of the negligence of all defendants, Daniel Jordan's next of kin and beneficiaries, including wife Andraya Naumenko, and minor son Nolan Williams, have experienced loss of support; loss of services; loss of inheritance; loss of his society, including loss of companionship, consortium, care, love, assistance, attention, protection,

advice, guidance, counsel, instruction, training, and education; along with mental pain, anguish and emotional trauma.

17. Daniel Jordan's next of kin have experienced past grief, mental anguish and bereavement as a result of his death, and will experience the same in the future.

15. Defendant Joseph Toney's actions demonstrate a conscious disregard for the rights and safety of Daniel Jordan and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm.  Accordingly, Plaintiff demands punitive damages against Defendant Joseph Toney.

## **SECOND CAUSE OF ACTION**
*Survival Action*

16. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

17. As a direct and proximate result of the negligence of all defendants, Daniel Jordan experienced terror and conscious anguish, suffering and pain prior to his death.

## **THIRD CAUSE OF ACTION**
*Vicarious Liability of Defendant Smith Transport*

18. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

19. At all relevant times, Defendant Joseph Toney was the employee, agent, servant, or independent contractor for Defendant Smith Transport. Accordingly, Defendant Smith Transport is vicariously liable for the acts of Defendant Joseph Toney described in the causes of action above.

20. Regardless of the employment or agency relationship, Defendant Smith Transport is an interstate motor carrier and the registered owner of the USDOT number 246204 displayed on the tractor-trailer involved in this collision and is therefore responsible for the acts of the defendant driver.

**FOURTH CAUSE OF ACTION**
*Negligence of Defendant Smith Transport*

21. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

22. Defendant Smith Transport had a duty to act reasonably in hiring, instructing, training, supervising and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Joseph Toney, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant Smith Transport had a duty to exercise reasonable care in all of its actions and omissions.

23. Defendant Smith Transport had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

24. Defendant Smith Transport failed in the above-mentioned duties and was therefore negligent.

25. Defendant Smith Transport's negligence was the direct and proximate cause of the injuries and death of Daniel Jordan, and the damages described in this Complaint.

26. Defendant Smith Transport's actions demonstrate a conscious disregard for the rights and safety of Daniel Jordan and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff demands punitive damages against Defendant Smith Transport.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against all Defendants, in an amount that is just and fair and in excess of seventy-five thousand dollars ($75,000.00) (exclusive of costs and interest), in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

/s/ *Jon Heck*
Jon Heck (KY Bar #89316)
ISAACS & ISAACS, PSC
1601 Business Center Court
Louisville, Kentucky 40299
Phone-502.458.1000
Fax-502.454.5512
Jon.heck@isaacsandisaacs.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

/s/ Jon Heck
Attorney for Plaintiff (KY Bar #89316)

6